UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHARIFF ATUN EL,<br>also known as DOUGLAS NELSON,<br><br>        Petitioner,<br><br>v.<br><br>ERIC HOLDER,<br><br>        Respondent. | Civil Action No. 09-2340 (EGS) |

**MEMORANDUM OPINION**

This matter comes before the Court on petitioner's *pro se* petition for a writ of habeas corpus.  It appears that petitioner challenges his current custody at the D.C. Jail arising from two criminal actions pending in the Superior Court of the District of Columbia.  *See* Pet. at 1, 3 (page numbers designated by the Court).  Such a challenge must be brought by motion in the Superior Court under D.C. Code § 23-110.  In relevant part D.C. Code § 23-110 provides:

> [An] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears  . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g).  "Section 23-110 has been found to be adequate and effective because it is coextensive with habeas corpus."  *Saleh v. Braxton*, 788 F. Supp. 1232 (D.D.C. 1992); *see Swain v. Pressley*, 430 U.S. 372, 375 (1977) (noting that the procedure for collateral review of Superior Court convictions under § 23-110 "is comparable to that authorized by 28 U.S.C. § 2255 for the United States district courts").  It is settled  that "a District of Columbia prisoner has

no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention'" *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997) (internal footnote omitted); *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986).

Petitioner does not demonstrate that the remedy available to him in the Superior Court is an inadequate or ineffective means to challenge his current custody. Accordingly, the Court will dismiss the petition without prejudice. An Order consistent with this Memorandum Opinion is issued separately.

SIGNED:    Emmet G. Sullivan
           United States District Judge

DATE:      January 8, 2010